UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

| | | |
|---|---|---|
| **RAD A, LLC,** | ) | **Case No.: 6:09-bk-19689-ABB** |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | **Hearing requested within 30 days** |
| | ) | **pursuant to 11 U.S.C. §1112(b)(3)** |
| _____ | ) | **Hearing time: 20 minutes** |

## <u>UNITED STATES TRUSTEE'S  MOTION TO DISMISS OR CONVERT CASE</u>

Donald F. Walton, United States Trustee for Region 21, by and through his undersigned counsel, moves this Court to dismiss this case pursuant to 11 U.S.C. § 1112(b) for cause, including the Debtor's failure to comply with the requirements of 11 U.S.C. § 1116, or convert this case to a Chapter 7 proceeding, for cause,  including the Debtors' failure to comply with the requirements set forth in Orders of this Court, the Bankruptcy Code, and the United States Trustee Guidelines for Chapter 11 Debtors-in-Possession (the "Guidelines").  In support thereof, the United States Trustee states:

## <u>BACKGROUND</u>

1.  On December 28, 2009, RAD A, LLC (the "Debtor") filed this Chapter 11 case.

2.  On December 29, 2009, the Court filed a Notice of Deficient Filing regarding, among other things, Debtor's failure to file a Motion to Retain Attorney; Affidavit of Proposed Attorney; and Case Management Summary (Docket No.:  5).

3.  On December 29, 2009, the Court entered an Order Authorizing Debtor-in-Possession to Operate Business (Docket No.:  7; the "Operating Order").

4.  As of the date of this motion, a committee of unsecured creditors has not been appointed by the United States Trustee.

5. The Debtor's voluntary petition (Docket No.: 1; the "Petition") indicates that the "Debtor is a small business as defined in 11 U.S.C. § 101(51D) as defined by 11 U.S.C. § 101(51D) because the Debtor "has aggregate noncontingent liquidated secured and unsecured debts . . . in an amount not more than $2,190,000."

6. The Section 341 Meeting of Creditors (the "341 Meeting") originally scheduled for January 25, 2009 was continued to March 5, 2010 due to Debtor and Debtor's attorney's failure to appear.

## LEGAL AUTHORITY

7. A "small business debtor" is subject to filing and reporting requirements under 11 U.S.C. § 1116. Specifically, section 1116(4) provides that the small business debtor is required to "file all post-petition financial and other reports required by the Federal Rules of Bankruptcy Procedure or by local rule of the district court." 11 U.S.C. § 1116(4).

8. Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court shall dismiss or convert a chapter 11 case, whichever is in the best interests of creditors. 11 U.S.C. § 1112(b).

9. A non-exhaustive list of examples of "cause" warranting dismissal or conversion is set forth in §1112(b)(4) which includes, without limitation, the following: failure to comply with an order of the court; unexcused failure to satisfy timely any filing or reporting requirement established by this title, or by any rule applicable to a case under Chapter 11; failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor; failure timely to provide

information or attend meetings reasonably requested by the United States Trustee; and failure to pay any fees or charges required under Chapter 123 of Title 28.[1] 11 U.S.C. § 1112(b)(4).

10.  As set forth below, this case should be dismissed or converted for cause.

## BASES FOR DISMISSAL

11.  The United States Trustee Guidelines for Chapter 11 Debtors-in-possession require that the Debtor, as soon as practicable, provide to the United States Trustee numerous items, including in the instant case the following:  proof of closing all pre-petition bank accounts; proof of opening debtor-in-possession bank accounts; tax returns for the last two years prior to filing (the "Required Documents").  These items are required to ensure that the Debtor and the estate, and by extension its creditors, are protected.

12.  The United States Trustee requested that the Debtor provide the Required Documents at the Initial Debtor Interview scheduled for January 19, 2010.  The Debtor did not provide any of the Required Documents prior to the scheduled interview and canceled the Initial Debtor Interview. The United States Trustee was told that both the interview and creditor's meeting needed to be rescheduled due the illness of counsel's father but Debtor's counsel never followed up to rescheduled either.  As of the date of the filing of the instant Motion, the United States Trustee has not received any of the Required Documents.

13.  Of particular concern is the Debtor's failure to provide proof of general comprehensive liability and property insurance coverage on the properties listed on Schedule A in addition to fire

---

[1]The only statutory exceptions to the mandated conversion or dismissal are: 1) the existence of "unusual circumstances specifically identified by the court;" or, 2) where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan.  11 U.S.C. § 1112(b)(1) and (2).  Neither of these exceptions is applicable in the instant case.

and theft insurance.[2]  The Debtor's failure to obtain insurance on property of the estate poses a risk to the estate and to the public.

14.  In addition, the Debtor has failed to the file monthly operating report ("MOR") for the period of December 28, 2009 through December 31, 2009, which was due on the twentieth (20th) of January 2010.  The Debtor's failure to file the MOR constitutes a failure to comply with the requirements the Operating Order and a violation of  11 U.S.C. §§ 704(8) and 1106(a)(1) and Bankruptcy Rule 2015(a), pursuant to which the Debtor is required to file with the Court and with the United States Trustee periodic reports and summaries of the operation of the business, including a statement of receipts and disbursements.

15.  The Debtor failed to file a case management summary within three business days following the petition date or prior to the date of the first scheduled hearing as required by the Operating Order.

16.  The Debtor has failed to file a Motion to Retain Attorney; Affidavit of Proposed Attorney and has also failed to submit the proposed order to retain attorney.

17. The Debtor is delinquent in its payment of required quarterly fees to the United States Trustee.  The United States Trustee asserts that the Debtor owes, at a minimum, $325.00[3] in quarterly fees for the fourth quarter of 2009, which fees became due on January 31, 2010.

---

[2]The Debtor's Schedules fail to reflect ownership of a vehicle.  In the event the Debtor has a vehicle, proof of automobile insurance would also be required.

[3]Note that this amount is an estimated figure; the fees due may actually be higher, but the United States Trustee cannot make that determination until the Debtors' MOR's are current.

18. The matters set forth above constitute grounds for the dismissal or conversion of this case under 11 U.S.C. §§ 1112(b) for cause, and this case should be dismissed or converted to a chapter 7 case.

19. The United States Trustee reserves the right to proceed at the hearing on this Motion and present evidence to address any deficiency present in any subsequently filed or transmitted documents, or alternatively, reserves the right to amend this Motion to address the same.

20. Pursuant to § 1112(b)(3), the Court shall commence a hearing on this Motion not later than 30 days after filing of same and shall decide the motion not later than 15 days after commencement of such hearing unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting such time limits.

21. The undersigned estimates that a hearing on this Motion will require approximately twenty (20) minutes.

WHEREFORE, the United States Trustee requests the Court to enter an order granting this Motion, dismissing or converting Debtors' chapter 11 case, and granting such additional relief as the Court deems just and proper.

DATED: February 5, 2010.

/s/   Miriam G. Suarez
Miriam G. Suarez, Trial Attorney
Florida Bar No.: 756105
United States Department of Justice
Office of the United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801
Telephone No.: (407) 648-6301, Ext. 126
Facsimile No.: (407) 648-6323
miriam.g.suarez@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on February 5, 2010, electronically through CM/ECF, on parties having appeared electronically in the instant matter, and on the following parties by U.S. Mail if not receiving mail electronically through CM/ECF:  Carole S. Bess, Esquire, Law Office of Carole Suzanne Bess, 101B North Plumosa Street, Merritt Island, FL 32953; and RAD A, LLC P.O. Box 1287, Melbourne, FL 32902-1287.

/s/   Miriam G. Suarez
Miriam G. Suarez, Trial Attorney